Filed 10/11/24  P. v. Barra CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSIAH CHESTON BARRA,<br><br>        Defendant and Appellant. | A168093<br><br>(Napa County<br>Super. Ct. No. CR26237) |

### MEMORANDUM OPINION[1]

A jury found Josiah Cheston Barra (Barra) guilty of the attempted willful, deliberate, and premeditated murders of Richard Lafferty, Sr., and Darryl Ross (Pen. Code, §§ 187, 664[2]; counts one and two), and second degree robbery of Ross (§ 211; count three).  As to all counts, the jury found true allegations that Barra personally used a knife and personally inflicted great bodily injury (§§ 12022, subd. (b), 12022.7, subd. (a)).

---

[1]     We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2]     All further undesignated statutory references are to the Penal Code.

Barra was tried jointly with co-defendant Johnny Barra,[3] who was convicted of the attempted willful, deliberate, and premeditated murder of Lafferty, Sr. (count one), second degree robbery of Ross (count three), and assault with a deadly weapon of Richard Lafferty, Jr. (count four). The jury found true allegations as to count one that Johnny personally used a knife and personally inflicted great bodily injury (§§ 12022, subd. (b), 12022.7, subd. (a)). As to count three, the jury found true a knife use allegation, and as to count four, the jury found true a great bodily injury allegation.[4]

In 1996, the trial court sentenced Barra to life with the possibility of parole for the attempted murder convictions, plus a determinate term of 14 years for the remaining robbery conviction and enhancements.

In January 2022, Barra filed a form petition for resentencing pursuant to former section 1170.95. His petition checked boxes indicating that: (1) a charging document was filed against him allowing the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine; (2) he was convicted of attempted murder following trial; and (3) he could not now be convicted of attempted murder because of changes made to sections 188 and 189 effective January 1, 2019. Johnny filed a similar petition.

In June 2023, the resentencing court jointly considered and denied both petitions without issuing an order show cause, finding Barra and Johnny failed to state a prima facie case for relief. As recounted in our prior opinion:

---

[3]    To avoid confusion because of shared last names, we will refer to Johnny Barra by his first name only.

[4]    We grant Barra's unopposed request for judicial notice of our unpublished opinion in case no. A168099, which addressed Johnny's appeal from the denial of his section 1172.6 petition. (*People v. Barra* (May 17, 2024, A168099) [nonpub. opn.] (*Johnny Barra*)), and of the respondent's brief in that case. We take judicial notice of the record in that prior case as well.

"The court explained its decision was based on its review of Special Instruction No. 19, which it believed was given during the trial, and which stated: 'specific intent to kill unlawfully is a necessary element of attempted murder,' 'intent to kill unlawfully cannot be inferred solely from the commission of another dangerous crime, such as robbery or assault with a deadly weapon,' and '[i]n addition to proving that defendant committed those offenses, the prosecution must present other independent evidence which directly or by solid inference, proves beyond a reasonable doubt that defendant intended to kill.' The court also reviewed the verdicts, which showed the jury found true the allegation that the attempted murder was willful, deliberate and premeditated, and that defendants personally used knives and inflicted great bodily injury." (*Johnny Barra*, *supra*, at p. *4.)

Barra now contends the resentencing court erred in denying his petition at the prima facie stage without issuing an order to show cause. Relying on our discussion in *Johnny Barra*, *supra*, of the instructions given at the trial, Barra argues he made a prima facie showing of entitlement to relief because the trial court did not instruct the jury with Special Instruction No. 19; rather, it instructed the jury on aiding and abetting and the natural and probable consequences doctrine.

The People concede the resentencing court erred in denying the petition at the prima facie stage without issuing an order to show cause. The People assert: "In summarily denying the petition, the lower court relied on a proposed jury instruction on intent to kill, Special Instruction 19. [Citation.] However, as noted in this court's opinion in the codefendant's companion case, that instruction was not given at trial. [Citation.] Instead, the jury was instructed on the doctrine of aider and abettor liability, which included instructions on the natural and probable consequences doctrine. [Citation.]

In light of those instructions, for the same reason noted in this court's opinion in finding that the superior court erred with respect to denying a prima facie case as to the attempted premeditated murder conviction for count 1 for Johnny [citation], the superior court similarly erred with respect to [Barra]."

We accept the concession. As stated in *Johnny Barra, supra*, the record in case no. A168099 included jury instructions given at the joint trial, which did not include Special Jury Instruction No. 19. The record showed the trial court refused to give another special jury instruction with language identical to Special Jury Instruction No. 19. Additionally, the record showed the jury was instructed on aiding and abetting as follows: a person aids and abets a crime when they—with knowledge of the unlawful purpose of the perpetrator, and with the intent to commit, encourage or facilitate the commission of the crime—by act or advice do aid, promote, encourage or instigate the crime. The instructions also informed the jury that an aider and abettor is not only guilty of the crime they aided and abetted, but also guilty of "any other crime committed by a principal which is a natural and probable consequence of the crimes originally aided and abetted."

As the People acknowledge, given these instructions, the record does not foreclose the possibility that the jury convicted Barra of the attempted murders under the natural and probable consequences doctrine. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) As such, we will reverse with instructions that the superior court issue an order to show cause and conduct an evidentiary hearing pursuant to section 1172.6, subdivision (d). We express no opinion as to the ultimate outcome of the resentencing proceeding.

## DISPOSITION

The order denying Barra's section 1172.6 petition is reversed. The matter is remanded to the superior court with directions to issue an order to

4

show cause and to thereafter proceed as required by section 1172.6, subdivision (d).

_____
Fujisaki, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Petrou, J.

*People v. Barra* (A168093)

5